IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALONZO GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-650-DRH |
| | ) | |
| WARDEN TYLKA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that while confined at the Robinson Correctional Center he was issued a disciplinary ticket for intimidation, threats, and "stg activity." According to the complaint and the attached exhibits, Plaintiff was found guilty of the disciplinary violation and received the following sanctions: demotion to C-grade for 6 months, placement in segregation for 6 months, revocation of good conduct credits 6 months, loss of contact visits for 6 months, and transfer. Plaintiff alleges that he was not guilty of the disciplinary ticket and that he was denied due process of law in connection with his disciplinary hearing.

### DISCUSSION

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of

prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence.  As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in this disciplinary proceeding.  However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** without prejudice.  All pending motions are **DENIED** as moot.

**DATED:** March 10, 2010

     /s/    DavidRHerndon
    **DISTRICT JUDGE**